# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 11-634V

Filed: July 12, 2013

Not for Publication

**********************************

| | | |
|---|---|---|
| NICHOLAS GIGLIOTTI, JR. and | * | |
| STEPHANIE GIGLIOTTI, as Parents and | * | |
| Natural Guardians of Minor | * | |
| NICHOLAS GIGLIOTTI, III, | * | Damages decision based on stipulation; |
| | * | influenza vaccine; serum sickness; pain |
| Petitioners, | * | amplification syndrome of childhood; |
| | * | fibromyalgia |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

**********************************

Brian J. McCormick, Jr., Philadelphia, PA, for petitioners.
Glenn A. MacLeod, Washington, DC, for respondent.


**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On July 12, 2013, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioners allege that Nicholas Gigliotti III suffered serum sickness and pain amplification syndrome of childhood/fibromyalgia that were caused by his October 21, 2008 receipt of influenza vaccine. Respondent admits that Nicholas's serum

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, a petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

sickness was caused by flu vaccine, but denies that the flu vaccine caused Nicholas's pain amplification syndrome of childhood/fibromyalgia.   Respondent further denies that Nicholas's current disabilities are a sequela of a vaccine-related injury.   Nonetheless, the parties agreed to resolve this matter informally.

The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein.   Pursuant to the stipulation, the court awards petitioners a lump sum of **$235,000.00,** representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).   The award shall be in the form of a check for **$235,000.00** made payable to petitioners as guardians/conservators of Nicholas Gigliotti III's estate.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>July 12, 2013</u>                                                         <u>s/ Laura D. Millman</u>
                                                                                          Laura D. Millman
                                                                                          Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| **NICHOLAS GIGLIOTTI, JR. AND** | \* |
| **STEPHANIE GIGLIOTTI**, as Parents | \* |
| & Natural Guardians of Minor, | \* |
| **NICHOLAS GIGLIOTTI, III,** | \* |
| | \* |
| Petitioners, | \* |
| | \* |
| *v.* | \* |
| | \* |
| | \* |
| **SECRETARY OF HEALTH** | \* |
| **AND HUMAN SERVICES,** | \* |
| | \* |
| Respondent. | \* |

**No. 11-634V (ECF)**
Special Master
LAURA D. MILLMAN

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioners, Nicholas Gigliotti, Jr., and Stephanie Gigliotti, as the parents of Nicholas Gigliotti, III ("Nicholas"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Nicholas's receipt of trivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Nicholas received a flu vaccination on or about October 21, 2008.

3. The vaccine was administered within the United States.

4. Petitioners claim that Nicholas suffered serum sickness and pain amplification syndrome of childhood/fibromyalgia, which was caused in fact by the flu immunization he received on or about October 21, 2008.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on Nicholas's behalf as a result of his alleged vaccine injury.

6. Respondent admits that Nicholas's serum sickness was caused by the flu vaccine, but denies that the flu vaccine caused Nicholas's pain amplification syndrome of childhood/fibromyalgia or any other injury, and further denies that his current disabilities are a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $235,000.00, in the form of a check payable to petitioners, as guardians/conservators of Nicholas Gigliotti III's estate, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as Legal Representatives or conservators of Nicholas Gigliotti, III's estate under the laws of the State of New Jersey. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as Legal Representatives or conservators of Nicholas Gigliotti, III's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as Legal Representatives or conservators of the estate of Nicholas Gigliotti, III at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as Legal Representative(s) or conservator(s) of the estate of Nicholas Gigliotti, III upon submission of written documentation of such appointment to the Secretary.

13. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of Nicholas as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacity and as guardians/conservators of Nicholas Gigliotti III's estate, and on behalf

of Nicholas, and Nicholas's heirs, executors, administrators, successors, and assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Nicholas Gigliotti III resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 21, 2008, as alleged by petitioners in a petition for vaccine compensation filed on or about October 3, 2011, in the United States Court of Federal Claims as petition No. 11-634V.

15. If Nicholas should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccination caused Nicholas's pain amplification syndrome of childhood/fibromyalgia or any of his current disabilities.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns, as guardians/conservators of Nicholas Gigliotti III's estate.

END OF STIPULATION

Respectfully submitted,

PETITIONERS:

_Nicholas Gigliotti Jr._
NICHOLAS GIGLIOTTI, JR.

_Stephanie Gigliotti_
STEPHANIE GIGLIOTTI

ATTORNEY OF RECORD FOR
PETITIONERS:

_Brian J. McCormick Jr._
BRIAN J. MCCORMICK, JR., ESQ.
SHELLER, P.C.
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102
Tel: (215) 790-7300

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

_Vito Caserta_
VITO CASERTA, M.D., M.P.H.
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_Vincent J. Matanoski_
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

_Glenn A. MacLeod_
GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4122

Dated: 7/12/13